# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

JENNIFER DAVIS,            )
                           )
    Plaintiff,             )
                           )
vs.                        )
                           )
O'NEIL TRANSPORTATION SERVICES, INC., )
                           )
    Defendant.

## COMPLAINT

### I. JURISDICTION

1. This is a suit for relief from discrimination instituted pursuant to the Americans with Disabilities Act ("ADA"), as amended, 42 U.S.C. §12101 *et seq.* Jurisdiction of this Court exists pursuant to 28 U.S.C. §§1331 and 1343(4).

2. Plaintiff Jennifer Davis ("Plaintiff") timely filed a charge of discrimination against defendant O'Neil Transportation Services, Inc. ("Defendant") with the Equal Employment Opportunity Commission within 180 days after the last act of discriminatory treatment. Plaintiff has further filed this suit within 90 days after receipt of her right-to-sue letter issued from the EEOC.

### II. PARTIES

3. Plaintiff is a citizen of the United States over the age of nineteen and a resident of Helena, Shelby County, Alabama.

4. Defendant is an Alabama corporation located in Calera, Shelby County, Alabama.

### III.  STATEMENT OF FACTS

5. In or about June of 2019, Plaintiff began working for Defendant at its Calera location through a temporary agency.

6. Plaintiff was told she would work for 90 days and, if she performed satisfactorily in that time, she would then be hired directly by Defendant.

7. Plaintiff worked in an office where her job was to prepare estimates for repairs to rail cars.

8. Plaintiff's supervisor was Myckeal Disharoon.

9. Disharoon was employed directly by Defendant.

10. On or about September 19, 2019, Plaintiff's 90 days of working for Defendant through the temporary agency was ending.

11. At that time, Disharoon offered Plaintiff a direct hire with Defendant.

12. Plaintiff accepted.

13. Disharoon told Plaintiff that she would have to get a drug test as part of the hire process.

14. Before coming to work for Defendant, Plaintiff had taken prescribed medications for medical conditions that constitute disabilities under the Americans

with Disabilities Act: a benzodiazepine for anxiety and panic attacks, and Adderall for attention deficit disorder.

15. Plaintiff had gone through a drug test when she began working for Defendant through the temporary agency.

16. Plaintiff tested positive for the benzodiazepine and Adderall then.

17. Plaintiff provided verification of her prescriptions for the medications and was cleared to work.

18. Plaintiff continued to take the medications as prescribed during her 90 days' trial period.

19. The medications did not interfere with Plaintiff's ability to perform her job.

20. Plaintiff's performance in this period was obviously satisfactory because she was offered direct employment with Defendant.

21. On or about September 19, 2019, when Disharoon offered Plaintiff direct hire, Plaintiff told him that she would test positive for benzodiazepine and Adderal and asked him if she should bring her pill bottles to the drug test.

22. Disharoon said no, that if she tested positive for anything on the panel, they would send the results to a third-party.

23. Plaintiff thereafter went through the drug testing procedure as required.

24. Plaintiff's benzodiazepine and Adderal were flagged and had to be reviewed by the third-party referenced by Disharoon.

25. During the course of the testing, Plaintiff informed Disharoon that she took the benzodiazepine for anxiety and panic attacks and the Adderall for attention deficit disorder.

26. On or about October 11, 2019, Plaintiff received a text message from the temporary agency advising that Disharoon had withdrawn the offer to hire her directly and also ended her assignment of working with Defendant through the agency.

27. Disharoon had given Plaintiff no indication that he was not satisfied with her work and no warning that he was considering doing this.

## IV.  CAUSES OF ACTION

### COUNT I

28. Paragraphs 1-27 are incorporated herein.

29. Defendant is and was at all times relevant to this complaint an employer for purposes of the ADA.

30. Plaintiff's anxiety and panic attacks and attention deficit disorder constituted mental impairments under the ADA.

31. Due to these impairments, Plaintiff was and is substantially limited with respect to major life activities including operation of her neurological system.

32. Plaintiff is and was during the events of this case disabled under the ADA.

33. Plaintiff was and is a qualified individual able to perform the essential functions of her position, with the reasonable accommodation of allowing her to take her medications as prescribed.

34. Defendant violated Plaintiff's rights under the ADA by withdrawing its offer to hire her directly and ending her work assignment there (1) because of her disabilities, (2) because of her request for an accommodation for her disabilities in allowing her to work while taking medications prescribed for them, and/or (3) as a result of Defendant's failure to reasonably accommodate her disabilities in allowing her to work while taking those medications.

35. The reasons set forth above were motivating factors in Defendant's decision to withdraw its direct-hire offer to Plaintiff and to end her work assignment.

36. As a result of the above described discriminatory acts, Plaintiff has been made to suffer lost wages and benefits, emotional distress, and mental anguish.

**WHEREFORE, these premises considered**, Plaintiff respectfully requests the following:

(i) That the Court issue an Order declaring that Defendant's actions described herein violated the ADA;

(ii)  That the Court grant Plaintiff a permanent injunction enjoining Defendant, and its agents, employees, successors, and those acting in concert with Defendant, from continuing to violate the ADA;

(iii)  That the Court enter an Order requiring Defendant to make Plaintiff whole by reinstating Plaintiff and placing her in the position she would have occupied in the absence of discrimination (or front-pay), providing back-pay and lost benefits with interest, ordering Defendant to pay compensatory and punitive damages as a jury may assess, and awarding Plaintiff an amount to compensate her for any adverse tax consequences as a result of a judgment in her favor; and

(iv)   That the Court award such other legal and equitable relief as justice requires, including, but not limited to, an award of costs, expert witness fees, attorney's fees, and expenses.

Respectfully submitted,

s/ Adam M. Porter
Adam M. Porter
Attorney for Plaintiff
Adam M. Porter, LLC
2301 Morris Avenue, Suite 102
Birmingham, Alabama 35203
Phone: (205) 322-8999
Facsimile: (205) 402-4619
Email: adam@adamporterlaw.com

Plaintiff requests trial by struck jury.

s/ Adam M. Porter
Attorney for Plaintiff

Defendant's Address:
O'Neil Transportation Services, Inc.
c/o Haines O'Neil, Registered Agent
1952 Shades Crest Rd
Birmingham, AL 35216-1414